Dear Mr. Tynan:
As counsel for the Louisiana Board of Examiners For Speech Pathology and Audiology, you have asked this office to issue an opinion on the following query:
 Whether audiologists licensed by the Board may dispense hearing aids without obtaining a license from the Louisiana Board of Hearing Aid Dealers?
You stated in your opinion request that the Louisiana Board of Examiners for Speech Pathology and Audiology believes that the practice of audiology as set forth in LSA-R.S. 37:2651(5) and as defined by the American Speech — Language — Hearing Association includes the dispensing of hearing aids, thus, a person licensed by the Speech Pathology and Audiology Board may dispense hearing aids without any other license. This office is not in agreement with your position.
The licensing requirements for hearing aid dealers, contained in LSA-R.S. 37:2441, states:
 In order to protect the public welfare, aid the revenue department in collecting sales taxes on labor and on retail prices of hearing aids, and material used in the service and maintenance of hearing aids; to protect privately owned property and to provide an adequate supply of licensed dealers throughout the state by the establishment of the apprenticeship training program by the board; any person rendering or offering to render services for the sale, maintenance and repair of any type of hearing aid as defined in R.S. 37:2442 shall hereafter be required to be registered and licensed as hereinafter provided, and it shall be unlawful for any person to engage in or offer to engage in the State of Louisiana hearing aid sales and repair service as defined in R.S. 37:2442 unless duly registered and licensed in accordance with the provisions of this Chapter; that is hereby created a board to be known as the Louisiana Board for Hearing Aid Dealers. (Emphasis added).
The statute clearly requires any person, including a licensed audiologist, to also obtain a license from the Louisiana Board for Hearing Aid Dealers to dispense hearing aids. The only exemptions to this requirement are contained in LSA-R.S. 37:2464
and 2465.
LSA-R.S. 37:2464 states:
 (A) This Chapter does not apply to a person while he is engaged in the fitting of hearing aids, provided it is part of the academic curriculum of an accredited institution of higher education or part of a program conducted by a public tax-supported institution or agency or nonprofit organization, unless such person or institution or agency sells hearing aids, and/or accessories, except ear molds.
 (B) This Chapter shall not apply to any physician or surgeon licensed under the Louisiana State Medical Practice Act, R.S. 37:1261, et seq.
 (C) This Act does not apply to a person holding a certificate of clinical competence in audiology awarded by the American Speech and Hearing Association, provided that the person does not sell hearing aids and/or accessories.
LSA-R.S. 37:2465 in general allows a business entity with an established business address in Louisiana to sell hearing aids without a license if it "employs only properly licensed natural persons in the direct sale and fitting of hearing aids and accessories."
Clearly, the Legislature intended that only those persons licensed by the Louisiana Board of Hearing Aid Dealers may lawfully fit or dispense hearing aids. Therefore, we find no exemption for licensed audiologists in these statutes.
LSA-R.S. 37:2651-2665 contain the laws governing the Louisiana Board of Examiners for Speech Pathology and Audiology. These statutes do not contain an exemption for audiologists from obtaining a hearing aid dealer's license. Therefore, our opinion on this issue remains the same as it was stated in Attorney General Opinion Number 76-1794: It is the opinion of this office that an audiologist cannot sell or fit hearing aids without first being licensed by the Louisiana Board of Hearing Aid Dealers.
I hope that this has sufficiently answered your questions. If you require any further information, please do not hesitate to call on this office.
Respectfully submitted,
 RICHARD P. IEYOUB Attorney General
 BY: GINA M. PULEIO Staff Attorney
RPI/GMP/pb/1913o